## CLOSSON v. NEWBERRY'S HARDWARE CO.

## In re NATIONAL POTASH CORPORATION.

(Circuit Court of Appeals, Eighth Circuit. July 11, 1922.)

### No. 5835.

Bankruptcy ☞303(3)—Evidence held not to show creditor knew transfer would effect preference.

Evidence that the creditor of a corporation manufacturing potash knew that that business had been seriously crippled by the ending of the war, and that the corporation was having difficulty in securing ready money, does not show knowledge that the corporation was insolvent, nor did it sustain the burden of proof on the trustee in bankruptcy, in seeking to set aside a transfer to the creditor as a preference, of showing knowledge of such facts as would put a reasonable man on inquiry.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in equity by E. E. Closson, as trustee in bankruptcy for the National Potash Corporation, against Newberry's Hardware Company. Decree for defendant, and complainant appeals. Affirmed.

Irving F. Baxter, of Omaha, Neb. (Norris Brown, Dana B. Van Dusen, J. A. C. Kennedy, Yale Holland, George L. De Lacy, and Charles F. McLaughlin, all of Omaha, Neb., on the brief), for appellant.

William Mitchell, of Alliance, Neb. (Harry E. Gantz, of Alliance, Neb., on the brief), for appellee.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

STONE, Circuit Judge. This is a plenary suit by the trustee in bankruptcy of the National Potash Corporation to have a payment of money and a transfer of wooden pipe to appellee declared preferences. The payment and transfer were within four months prior to the filing of the petition in bankruptcy. The trial court found against the trustee on the ground that appellee did not know or have reason to believe, at the time of the payment and of the transfer, that the bankrupt was insolvent or that a preference was being secured.

The sole point urged here by the appellant is that the evidence does not sustain the above finding. The essential facts, as shown by the evidence, are as follows: The bankrupt was engaged in the business of extracting potash from the waters of lakes in Nebraska. It had a large plant with pipe lines to the lakes for this purpose. During the war, when the prices of potash were high and the demand large, such businesses were very profitable. When the war ended, the demand, for the time being, largely disappeared. This plant was newly constructed and of considerable value. In fact, it was sold a year later, by the trustee for $78,000. Appellant had on hand over 1,200 tons of potash valued at over $100,000. What debts it owed were not known to appellee. It had been told, by the manager of the bankrupt, that there was no bonded, mortgage, or other lien indebtedness, and that appellee was the only large creditor. Appellee's account was about

$23,000. Appellee knew the entire potash business had been seriously crippled by the ending of the war. It knew, also, that the bankrupt was experiencing difficulty in continuing its business because of lack of market for its potash. It knew the bankrupt was having difficulty, also, in securing ready money. Knowledge of the above facts was not knowledge of insolvency nor would it naturally suggest such. The burden of proving such knowledge, or such facts as would put a reasonable man upon inquiry, rested upon the trustee. That burden was not here sustained.

Therefore, the decree below was correct, and is affirmed.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes